No. 11-2391-cv
Halica v. Singer

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of February, two thousand thirteen.

Present:
>    CHESTER J. STRAUB,
>    PETER W. HALL,
>    CHRISTOPHER F. DRONEY,
>
>         *Circuit Judges.*

_____

Lorraine Halica, Lawyers Title Insurance Corp.,

>         *Third-Party-Plaintiffs–Appellees*,

Finance California Inc.,

>         *Plaintiff*,

>    v.                                                    No. 11-2391-cv

Mark Singer,

>         *Third-Party-Defendant–Appellant*,

David Shrair, Cooley, Shrair P.C.,

>         *Third-Party-Defendants*.

_____

1

FOR APPELLANT:        LOUIS B. BLUMENFELD (Lorinda S. Coon, *on the brief*), Cooney, Scully and Dowling, Hartford, Connecticut.

FOR APPELLEE:         JONATHAN S. BOWMAN (Ari J. Hoffman, Barbara M. Schellenberg, *on the brief*), Cohen and Wolf, P.C., Bridgeport, Connecticut, David M. Satnick, Loeb & Loeb LLP, New York, New York.

_____

Appeal from a judgment of the United States District Court for the District of Connecticut (Kravitz, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Third-Party-Defendant–Appellant Mark Singer ("Singer") appeals from the jury verdict, rendered February 10, 2011, finding in favor of Third-Party-Plaintiffs–Appellees, Lorraine Halica ("Halica") and Lawyers Title Insurance Co., and the district court's May, 16, 2011 ruling and order denying his Rule 50(b) and Rule 59 motions. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review *de novo* the district court's denial of a Rule 50(b) motion for judgment as a matter of law. *Brady v. Wal-Mart Stores, Inc.,* 531 F.3d 127, 133 (2d Cir. 2008). A grant of judgment as a matter of law following a jury verdict "may only be granted if there exists such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or the evidence in favor of the movant is so overwhelming that reasonable and fair minded [persons] could not arrive at a verdict against [it]." *Id.* (internal quotation marks omitted). "In reviewing such a motion, this Court must give deference to all credibility determinations and reasonable inferences of the jury, and may not

2

weigh the credibility of witnesses or otherwise consider the weight of the evidence." *Id.* (internal citations and quotation marks omitted).

The district court properly determined that Singer failed to satisfy the high standards required to overturn a jury verdict. Quite simply, the record contains ample evidence in support of Halica's position advanced at trial that she was a passive tortfeasor deserving of common law indemnification from the active tortfeasor, Singer, who committed fraud. Halica testified that she had no knowledge that the consulting agreement was illusory, and that she "had no knowledge that there was anything being hidden" from Finance California, Inc. ("Finance California"). Singer, on the other hand, testified that he was aware of Finance California's requirement that the buyer contribute cash at closing, and that he nonetheless instructed Halica to keep confidential the undisclosed "credit" provided by the buyer from the valueless consulting agreement between the buyer and the seller. This direct testimony permits a reasonable jury to conclude, based on the evidence of Singer's fraud and manipulation of Halica and the charge given to the jury,[1] that Singer had the requisite control of the transaction sufficient to support the jury's award of indemnification under Connecticut law.

We have considered all of Singer's other arguments and found each of them to be without merit. Accordingly, the judgment of the district court is hereby AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] While Singer challenged the propriety of the district court's charge to the jury on the element of control, our *de novo* review concludes that "considered as a whole, the instructions adequately communicated the essential ideas to the jury." *United States v. Sabhnani*, 599 F.3d 215, 237 (2d Cir. 2010) (internal quotation marks omitted).

3